**E-FILED**
Wednesday, 23 August, 2006  04:27:50 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES H. JUERGENSMEYER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06-3088 |
| | ) | |
| SHARON BEHME, LUKE BEHME, | ) | |
| CARL BEHME, JEFF BEHME, and | ) | |
| CHRIS BEHME, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

The Court now considers the Defendants' Motion to Dismiss.

## FACTS

Plaintiff Charles H. Juergensmeyer is 73 years old and suffers from age-related difficulties. Defendant Sharon Behme is a certified public accountant. From April 18, 2001, to July 30, 2002, Ms. Behme managed Juergensmeyer's business affairs pursuant to a power of attorney.

Juergensmeyer alleges that Behme and the other Defendants—her father Carl Behme, her son Luke Behme, and her brothers Jeff and Chris

1

Behme—engaged in a pattern of activity to defraud him of his money and property.  According to Juergensmeyer's Complaint, Ms. Behme wrote herself checks totaling over $100,000 without providing services of commensurate value.  Ms. Behme also gave Luke Behme Juergensmeyer's money and used Juergensmeyer's funds to pay Jeff Behme to rebuild a car, buy Carl Behme a truck, and pay Chris Behme to rehabilitate real estate.  Juergensmeyer contends that all of this conduct was part of a fraudulent scheme and that the Defendants carried out the scheme by using the mail, telephones, and emails.

On May 9, 2006, Juergensmeyer filed a one-count Complaint against the Defendants.  Juergensmeyer claims that the Defendants' fraudulent activities violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(b), (c), and (d) (hereinafter "RICO").  The Defendants contend that the Court should dismiss Juergensmeyer's Complaint because it does not state a claim. Juergensmeyer asks the Court to deny the Defendants' motion or to give him leave to amend his Complaint.

## ANALYSIS

Federal Rule of Civil Procedure Rule 8(a)(2) only requires plaintiffs to provide short and plain statements with no more than the bare minimum facts necessary to put defendant on notice of their claims.  See Brown v. Budz, 398 F.3d 904, 908-909 (7th Cir. 2005).  All well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor.  McCullah v. Gadert,  344 F.3d 655, 657 (7th Cir. 2003).  However, when fraud is alleged, Federal Rule of Civil Procedure 9 requires it must be done with particularity.  Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir. 1992).

To satisfy Rule 9(b)'s particularity requirements, a plaintiff must allege "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated."  Slaney v. The International Amateur Athletic Federation, 244 F.3d 580, 599 (7th Cir. 2001).  Moreover, because a plaintiff must allege at least two predicate acts to satisfy the pattern element, he must be able to show the what, when, where and how of at least two racketeering activities.  Id.; Emery v. American General Finance, Inc., 134 F.3d 1321, 1323 (7th Cir. 1998)

("in a RICO fraud case, [ ] the plaintiff needs to allege more than one fraud, and thus satisfy Rule 9(b) as it were twice").

None of the communications referred to in the Complaint satisfies Rule 9's specificity requirements.  The Complaint does not specify the method of communication with respect to any of communications, leaving it unclear whether they were made by mail or wire. Juergensmeyer must specify which mode was used to communicate which fraudulent statement.  Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n , 366 F.Supp.2d 792, 803 (W.D.Wis. 2005).  The Complaint also fails to specify the content and date of the fraudulent communication or the identity of the person who sent it.  These omissions likewise violate Rule 9.  Id. at 803-04.

As leave to amend shall be freely given under Federal Rule of Civil Procedure 15(a), the Court will give Juergensmeyer a chance to remedy these defects.  Before availing himself to this opportunity, Juergensmeyer should consider other potential difficulties.  For instance, Juergensmeyer may wish to ponder the statute of limitations issue raised by the Defendants and the applicability of Morgan v. Bank of Waukegan, 804

F.2d 970, 975 (7th Cir. 1986) (measuring viability of a RICO claim by (1) the number and variety of predicate acts and the length of time over which they were committed; (2) the number of victims; (3) the presence of separate schemes; and (4) the occurrence of distinct injuries).  These dispositive issues command attention and the Court will not grant leave to amend to address these or similar defects should Juergensmeyer refile. It is Juergensmeyer's responsibility to file an adequate Amended Complaint.

**Ergo**, the Defendants' Motion to Dismiss (d/e 5) is DENIED. Rather than dismissing Plaintiff's case, the Court allows him leave to amend his Complaint.  If Plaintiff wishes to file an amended complaint, he must do so by August 30, 2006.

IT IS SO ORDERED.

ENTER:  August 22, 2006

FOR THE COURT:                    s/ Richard Mills
                                  United States District Judge

5